UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LYNN SUE INDIAN, MARY CREER, JARE OUBRE, BRANDY HOLMES, ANGULIQUE GLAPION, LYNNE ROCK, JULIE TURRISI, AND TERESA ROBERTS, on Behalf of Themselves and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>V.<br><br>HUMANA INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:18-cv-1125 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

### I.   SUMMARY

1.      Plaintiffs Lynn Sue Indian, Mary Creer, Jare Oubre, Brandy Holmes, Angulique Glapion, Lynne Rock, Julie Turrisi, and Teresa Roberts (hereinafter "Plaintiffs") brings this lawsuit as a collective action against Defendant Humana Inc. (hereinafter "Defendant") for violating the Fair Labor Standards Act ("FLSA").  Plaintiffs seek to represent all similarly situated workers throughout the country who were subject to the same illegal pay practices as Plaintiffs.

2.      In particular, Defendant knowingly and deliberately failed to compensate the Plaintiffs and Class Members for their overtime hours at the rate of one and one-half times their regular rates of pay.

3.      Plaintiffs worked for Defendant Plaintiffs worked for Defendant as clinical intake nurses, case management nurses, care management nurses, clinical care advisers, and utilization review nurses.  Defendant paid Plaintiffs and all other workers in similar positions a salary without overtime.  That is, Defendant misclassified Plaintiffs and the Class Members as

exempt. The duties of Plaintiffs and the Class Members do not satisfy the requirements for any exemption under the FLSA. Thus, Defendant has misclassified Plaintiffs and the Class Members as exempt from overtime.

4. Defendant's compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiffs and the Class Members, be compensated at one and one-half times their rate of pay for all hours worked over forty (40) in a workweek. Defendant owes its employees back pay, liquidated damages, attorneys' fees and court costs.

5. Defendant implemented the same pay policies for hundreds of other workers across the country. Therefore, Plaintiffs sue on behalf of themselves and all other similarly situated employees pursuant to 29 U.S.C. § 216(b). She requests that the Court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this action, including many of the wrongs herein alleged occurred in this District.

8. Plaintiff Indian lives and worked in Austin, Texas and Defendant has significant operations in this District, including the location where Plaintiff Indian and many of the Class Members worked.

## III.     PARTIES AND PERSONAL JURISDICTION

9.     Plaintiff Lynn Sue Indian is an individual currently residing in Travis County, Texas.  Her consent form is attached hereto as Exhibit "A."

10.     Plaintiff Teresa Roberts is an individual currently residing in Stanly County, North Carolina.  Her consent form is attached hereto as Exhibit "B."

11.     Plaintiff Mary Creer is an individual currently residing in Jefferson County, Louisiana.  Her consent form is attached hereto as Exhibit "C."

12.     Plaintiff Jare Oubre is an individual currently residing in Jefferson County, Louisiana.  Her consent form is attached hereto as Exhibit "D."

13.     Plaintiff Brandy Holmes is an individual currently residing in Jefferson County, Louisiana.  Her consent form is attached hereto as Exhibit "E."

14.     Plaintiff Angulique Glapion is an individual currently residing in Jefferson County, Louisiana.  Her consent form is attached hereto as Exhibit "F."

15.     Plaintiff Lynne Rock is an individual currently residing in Johnson County, Kansas.  Her consent form is attached hereto as Exhibit "G."

16.     Plaintiff Julie Turrisi is an individual currently residing in Bexar County, Texas.  Her consent form is attached hereto as Exhibit "H."

17.     The Class Members are all of Defendant's current and former clinical intake nurses, case management nurses, care management nurses, clinical care advisers, and utilization review nurses paid a salary without overtime pay during any week in the three year period prior to the filing of this lawsuit.

18. Defendant Humana Inc. is a corporation organized under the laws of Delaware and headquartered in Louisville, Kentucky. Defendant may be served process through its registered agent Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

19. Defendant does business throughout Texas, including this District.

## IV. FLSA COVERAGE

20. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

21. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

23. At all material times, Plaintiffs and Class Member were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## V. FACTS

24. Defendant Humana Inc. operates in the healthcare services field and sells health insurance policies to businesses, individuals, and the government. Defendant operates from administrative offices around the country, including offices in Texas, Kentucky, Florida, Virginia, California, Arizona, Louisiana, Ohio, Illinois, New York, Georgia, Tennessee, North Carolina, Nevada, South Carolina, Indiana, New Jersey, Pennsylvania, and Wisconsin.

25. Defendant Humana Inc. is a publicly traded company and nationwide employs over 50,000 employees.

26. Plaintiff Indian has worked for Defendant as a clinical intake nurse from approximately December 2011 to the present.

27. Plaintiff Roberts has worked for Defendant as a clinical intake nurse from approximately 2007 to the present.

28. Plaintiff Creer has worked for Defendant as a utilization review nurse from approximately October 2012 to the present.

29. Plaintiff Oubre worked for Defendant as a clinical care advisor from approximately April 2013 to July 2018.

30. Plaintiff Holmes has worked for Defendant as a clinical care advisor from approximately October 2011 to the present.

31. Plaintiff Glapion worked for Defendant as a clinical intake nurse from approximately April 2011 to July 2018

32. Plaintiff Rock has worked for Defendant as a clinical care advisor from approximately July 2013 to the present.

33. Plaintiff Turrisi worked for Defendant as a clinical intake nurse from approximately 2006 to February 2018.

34. Nationwide, Defendant employs hundreds of nurses similar to Plaintiffs.

35. Thus, there are hundreds of Class Members who were paid a salary without overtime compensation, like Plaintiffs.

36.     Whether those nurses are titled Clinical Intake Nurses, Case Management Nurses, Care Management Nurses, Utilization Review Nurses, or other job titles, they perform the same basic duties as Plaintiffs.

37.     Plaintiffs' and the Class Member's primary function is to gather medical information from patients and evaluate that information based on predetermined guidelines and criteria given to them by Defendant.

38.     Plaintiffs and the Class Members also served as a liaison between the patient and Defendant.

39.     Plaintiffs and the Class Members spend the majority of their workday on the telephone with medical providers or policy holders, collecting and inputting data into a computer.

40.     For their labor, Plaintiffs and the Class Members are paid a salary without overtime.

41.     Defendant required Plaintiffs and the Class Members to clock in and out and tracked their time through an electronic timekeeping system known as Aruba.

42.     In most weeks, Plaintiffs worked 50-60 hours.

43.     Plaintiffs were required to work more than 40 hours a week because Defendant maintained a quota system that required its nurses to process a set amount each day. The Class Members were also bound by this quota system. The effect was that the Plaintiffs and the Class Members performed a substantial amount of work that could not be completed in 40 hours in one week.

44.     Defendant knew that Plaintiffs and Class Members were working more than 40 hours each week because it tracked their time.

45. Defendant repeatedly informed Plaintiffs and the Class Members that their salaries were intended to compensate them for 40 hours of work in a week.

46. None of the FLSA exemptions are applicable to Plaintiffs or the Class Members.

47. The minimal education requirement to hold Plaintiffs' job was a "Licensed Vocational Nurse" ("LVN").

48. Plaintiffs and the Class Members do not supervise other employees or manage a customarily recognized department of Defendant's company.

49. Plaintiffs and the Class Members have no authority to hire or fire other employees.

50. Plaintiffs and the Class Members do not exercise independent judgement and discretion with respect to matters of significance.  Instead, their job duties involve adherence to detailed guidelines and procedures promulgated by Defendant designed to remove independent judgment and discretion.

51. Despite these facts, Defendant misclassified Plaintiffs and continues to misclassify the Class Members as exempt from overtime pay.

52. Defendant knew, or showed reckless disregard for whether Plaintiffs and the Class Members were entitled to overtime pay under the law.  In fact, Defendant knew the requirement to pay overtime to Plaintiffs and Class Members but intentionally chose not to do so.

### VI.     COLLECTIVE ACTION ALLEGATIONS

53. Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Class Members employed by Defendant during any work week in the last three years.

54. Plaintiffs have actual knowledge, through her own work experience and through interaction with their fellow nurses that a class of similarly situated workers exist who have been subjected to Defendant's policy of failing to pay overtime.

55. Class Members are similarly situated to Plaintiffs in that, at least during one work week in the relevant period, they worked overtime hours for Defendant without additional compensation being paid as required under the FLSA.

56. Defendant's failure to pay overtime or the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

57. The experience of Plaintiffs, with respect to their employment classification, duties, and pay, is typical of other nurses across Defendant's business.

58. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

59. Like Plaintiffs, all Class Members are non-exempt workers entitled to receive overtime.

60. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

61. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, email, a court authorized website or by the use of techniques and a form of notice similar to those customarily used in representative actions.

62. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

63. The class of similarly situated employees is properly defined as follows:

**The Class Members are all Clinical Intake Nurses, Case Management Nurses, Care Management Nurses, Utilization Management Nurses and all other nurses in substantially similar positions paid a salary without overtime compensation by Defendant during any work week during the three years prior to the initiation of this lawsuit.**

## VII. CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

64. Plaintiffs incorporates all allegations contained in the foregoing paragraphs.

65. This cause of action arises from Defendant's violation of the FLSA for the failure to pay Plaintiffs and Class Members overtime.

66. For each hour worked in excess of forty (40) each week, Plaintiffs and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

67. By failing to pay overtime based on that formula, Defendant has violated and continues to violate the FLSA.

68. No exception contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendant to skirt its obligation to pay overtime to an employee similarly situated in the position of Plaintiffs and Class Members.

9

69. Defendant's failure to pay overtime to Plaintiffs and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VIII.  WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

70. Plaintiffs and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present.

71. Plaintiffs and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

72. Plaintiffs is also entitled to recover her attorneys' fees and costs, as required by the FLSA.

## IX.  PRAYER FOR RELIEF

73. For these reasons, Plaintiffs respectfully request that judgment be entered in their favor and in favor of the Class Members, awarding them:

   a. Overtime compensation for all hour worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorneys' fees, costs, interest, and expenses of this action as provided by the FLSA;

   d. Pre and post judgment interest, and

   e. Such other and further relief to which Plaintiffs and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ *Don J. Foty*
    Don J. Foty
    DFoty@kennedyhodges.com
    State Bar No. 24050022
    KENNEDY HODGES, L.L.P.
    4409 Montrose Blvd, Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS